UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| UTILLIFE TRADING LTD,<br><br>Plaintiff,<br><br>vs.<br><br>ADNART INC.<br><br><br><br>Defendant. | Civil Action No.: 26-13554<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Utillife Trading Ltd. ("Utillife"), by its undersigned attorneys, alleges the following for its Complaint against Defendant Adnart Inc. ("Defendant").

### Parties

1. Utillife is a Canadia limited liability corporation having a place of business located at 26 Windham Trail, Aurora, ON L4G5M3 Canada.

2. Defendant Adnart Inc. is a Canadian corporation having a place of business at 5760 Av. Andover, Mont-Royal, QC H4T 1H4 Canada.

### Jurisdiction and Venue

3. This action for declaratory relief arises under the patent laws of the United States, 35 U.S.C. §§1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C.

§§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Prior to Defendant's APEX Complaint with Amazon, Utillife sold a line of Zoofiesta and a line of Mini Collection products ("the affected products") in Michigan. An APEX Complaint is used at Amazon in connection with utility patents. Defendant's APEX Complaint resulted in Amazon's removal of the affected products which had a direct effect and consequences in Michigan, namely precluding Michigan shoppers from purchasing Utillife's affected products. This action arises out of Defendant's acts that resulted in injury to Utillife and to Utillife's Michigan consumers.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States and therefore may be sued in any judicial district.

## **Factual Background**

6. On July 6, 2026, Defendant sent Utillife a letter asserting, *inter alia*, that Utillife infringed Defendant's U.S. Patent No. 12,630,344 ("the'344 Patent"). (Exhibit A) The '344 Patent (Exhibit B) is titled System and Method For Attaching An Exchangeable Sealing Caps to Containers and purportedly issued on May 19, 2026.

7. Defendant invoked Amazon's APEX procedure and submitted patent infringement complaints to Amazon in connection with eight of Utillife's listings for the affected products ASIN Nos. B0FS1GHML6, B0FS19BHLV, B0FS1JQTWL, B0FS1FPWXX, B0FS1HG3WP, B0FS1JB7BP, B0FS1F8XKK, and B0FS1GSFRD. Defendant's actions resulted in the delisting of Utillife's products from the Amazon ecommerce platform.

8. Prior to Defendant's actions at Amazon with respect to Utillife's products, Utillife sold its affected products to consumers throughout the United States, including consumers in Michigan.

9. As a result of Defendant's actions, Utillife is unable to sell its affected products on Amazon's e-commerce platform, and consumers, including those in Michigan, cannot purchase Utillife's affected products using Amazon.

10. Defendant's July 6, 2026, letter also included a draft Complaint alleging infringement the '344. The letter further asserted that Defendant "is immediately ready to deploy its extensive legal and financial resources to incur the immediate and total cessation of [Utillife's] infringing activities.

**Count I – Declaratory Judgement of Invalidity of the ' 344 Patent**

11. Utillife repeats and realleges the allegations contained in paragraphs 1 through 10 above.

12. Defendant alleges that Utillife practices one claim of the ’344 Patent.

13. As a result of Defendant’s allegations, and its letter threatening legal action, there is an actual, substantial, continuing, and justiciable controversy between Defendant and Utillife regarding the invalidity of the ’344 Patent.

14. The claim of the ’344 Patent identified by Defendant as being infringed by Utillife’s affected products are invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

15. For example, and without limitation, the claims of the ’344 Patent are anticipated and/or rendered obvious by prior art including, but not limited to a Starbucks® stainless-steel vacuum-insulated bottle manufactured and publicly sold no later than September 2020 which discloses a container with an integral cap coupler, a two-part sealing cap with a lower bottle coupler and upper head coupler, and a set of interchangeable, detachable decorative animal heads that mechanically connect to the sealing cap (Exhibit C), and Chinese Utility Model CN 213263351U, which discloses a straw retention ring installed at the bottle mouth that restricts the position of the straw to prevent it from being pulled out (Exhibit D).

16. Utillife is entitled to a judicial declaration that the claims of the ’344 Patent alleged by Defendant to be infringed are invalid.

REQUEST FOR RELIEF

A. A judgment declaring that asserted claims of the ’344 patent are invalid;

B. A judgment and order finding this to be an exceptional case and requiring Utillife to pay the costs of this action and attorneys’ fees as provided by 35 U.S.C. § 285; and

C. Such other further and additional relief as the Court may deem just and proper.

Dated: September 20, 2026

By: */s/ Richard W. Hoffmann*
RICHARD W. HOFFMANN (P42352)
Dinsmore & Shohl LLP
755 W. Big Beaver Road, Suite 1900
Troy, Michigan 48084
Telephone: (248) 203-1613
E-mail: rick.hoffmann@dinsmore.com

YAO YAO (P85173)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail: yao@reising.com

*Attorneys for Plaintiff Utillife Trading Ltd*

**JURY TRIAL DEMANDED**

Utillife Trading Ltd. demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: September 20, 2026

By: */s/ Richard W. Hoffmann*

RICHARD W. HOFFMANN (P42352)
Dinsmore & Shohl LLP
755 W. Big Beaver Road, Suite 1900
Troy, Michigan 48084
Telephone: (248) 203-1613
E-mail: rick.hoffmann@dinsmore.com

YAO YAO (P85173)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail: yao@reising.com

*Attorneys for Plaintiff Utillife Trading Ltd*